**MUSICK, PEELER & GARRETT LLP**
624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383
Telephone: (213) 629-7600
Facsimile: (213) 624-1376

David A. Tartaglio (State Bar No. 117232)
*d.tartaglio@musickpeeler.com*
Teresa Cho (State Bar No. 156610)
*t.cho@musickpeeler.com*

Attorneys for Plaintiff LANDMARK AMERICAN INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>NAVIGATORS INSURANCE COMPANY, PHILADELPHIA INDEMNITY INSURANCE COMPANY, Does 1 through 20,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF RE DUTY TO DEFEND; AND**<br>**(2) EQUITABLE CONTRIBUTION** |

Plaintiff LANDMARK AMERICAN INSURANCE COMPANY ("Landmark") alleges as follows:

## GENERAL ALLEGATIONS

1. Landmark brings this action seeking a declaration of rights and duties of two liability insurers as to the defense of directors and officers of their Named Insured, Independent Adoption Center ("IAC"), in an Adversary Proceeding filed by the Trustee in IAC's Bankruptcy.

/ / /

/ / /

## The Parties

2. Landmark was and is at all relevant times, a corporation duly incorporated in the State of New Hampshire with its principal place of business in Georgia and is authorized to transact the business of insurance in the State of California.

3. Landmark is informed and believes, and on that basis alleges, that Defendant NAVIGATORS INSURANCE COMPANY ("Navigators") was and is a corporation incorporated in the State of New York with its principal place of business in New York and is authorized to transact the business of insurance in the State of California.

4. Landmark is informed and believes, and on that basis alleges, that Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY ("Philadelphia" and collectively with Navigators, "Defendants") was and is at all relevant times, a corporation incorporated in the State of Pennsylvania with its principal place of business in Connecticut and is authorized to transact the business of insurance in the State of California.

## Jurisdiction and Venue

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship among the parties and the amount of controversy exceeds $75,000.

6. This Court also has subject matter jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) as material events giving rise to this action took place in this district.

## FACTUAL ALLEGATIONS

### The Insurance Policies

8. Landmark issued Directors and Officers Liability Policy No. LHP661770 to IAC, written on a "claim made and reported" basis with a March 24,

2015 to March 24, 2016 policy period ("Landmark Policy").  Attached hereto as Exhibit "1" is a true and correct of the Landmark Policy.

9. Landmark is informed and believes, and on that basis alleges, that Navigators issued Directors and Officers Liability Policy No. NY 16DOLV02898NV to IAC, written on a "claim made and reported" basis with the policy period of March 24, 2016 to March 24, 2017 ("Navigators Policy"). Attached hereto as Exhibit "2" is a true and correct of the Navigators Policy.

10. Landmark is informed and believes, and on that basis alleges, that Philadelphia issued Human Services Organization Professional Liability Policy No. PHPK1364066 to IAC, written on a "claim made and reported" basis for the policy period of July 10, 2015 to July 10, 2016 ("Philadelphia Policy").  Attached hereto as Exhibit "3" includes a true and correct of the Philadelphia Policy.

## IAC

11. Landmark is informed and believes, and on that basis alleges, that IAC was a nonprofit public benefit corporation formed in 1982 and provided support for matching birth mothers with adopting parents and related counseling services to adopting parents.

12. Landmark is informed and believes, and on that basis alleges, that IAC operated nine offices in seven states, including offices in Los Angeles and Concord, California.

13. In or about January 2016, a Complaint Investigation Report was issued by the California Department of Social Services ("CDSS Report") regarding a complaint made to the agency that IAC was not financially able to provide the services which it offers.

14. Philadelphia received notice of the CDSS Report during the policy period of the Philadelphia Policy.  Attached hereto as Exhibit "4" is a true and correct copy of the CDSS Report and the cover email and Notification to Philadelphia dated January 25, 2016.

**Bankruptcy and Trustee's Suit**

15. On February 3, 2017, IAC filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code, U.S. Bankruptcy Court, Northern District, Oakland Division, Case No. 17-40327 RLE.

16. On March 21, 2017, the Bankruptcy Trustee filed a Complaint initiating an Adversary Proceeding, No. 17-04020, in IAC's Bankruptcy ("Trustee's Suit") against seven of IAC's former Directors, Gregory S. Kuhl, Susan Sparling, Alex Kaplan, Nancy Worrell, Dan Ward, William Kinnane and Christine Zwerling ("Director Defendants"), and an officer, Marcia Hodges ("Officer Defendant" and collectively with Director Defendants, "D&Os") for negligence and breach of fiduciary duty. The Trustee also sued Navigators, alleging that the Navigators Policy covered the D&Os' liability.

17. On January 16, 2018, the Trustee filed a First Amended Complaint ("FAC") against the D&Os for breach of fiduciary duties and negligence.

18. The FAC alleges that Hodges "served as the interim Executive Director of the Debtor continuously from March 2016 to the Petition Date." (FAC, ¶ 14.)

19. The FAC alleges that in 2016, the Director Defendants knew or should have known that IAC's business model of matching birth mothers to adopting parents was not sustainable, that IAC failed to fulfill obligations to adopting parents, that IAC failed to refund fees to adopting parents, and that IAC continued to take fees from new adopting parents. The FAC further alleges that the Director Defendants failed to recognize and take steps to address IAC's financial downturn, failed to take steps to comply with regulations in closing business, failed to provide for an orderly transition of confidential records to government officials before closing IAC's doors and filing for bankruptcy, failed to counsel adopting parents on their options or locate other services to fulfill IAC's obligations to them, failed to give advance notice of the closure to adopting parents and regulatory agencies, failed to file for reorganization under Chapter 11 of the Bankruptcy Code instead of

Chapter 7, and failed to provide for the proper handling of confidential records. The FAC alleges that IAC and creditors have been damaged as a result.

20. The FAC alleges that the Officer Defendant also failed in some of the ways that the Director Defendants had failed to take action. The FAC further alleges that the Officer Defendant further failed to appropriately advise and recommend actions to the Director Defendants with respect to some of the matters alleged against them. The FAC prays for over $7.8 million in damages.

21. Numerous adopting parents filed proofs of claim in IAC's bankruptcy proceeding, alleging that IAC did not provide services for which they paid fees to IAC and setting forth the amount of the fees they paid.

22. The D&Os' defense in the Trustee's Suit was tendered to Navigators, and later, to Philadelphia and Landmark, under their respective policies issued to IAC. Navigators and Philadelphia received the Trustee's FAC.

23. Navigators assigned counsel at Gordon & Rees to defend the D&Os in the Trustee's Suit.

24. On July 10, 2017, Navigators advised the D&Os that it "will continue to provide the insureds with a defense subject to a full reservation of rights…." Attached hereto as Exhibit "5" is a true and correct copy of Navigators' July 10, 2017 letter.

25. Landmark accepted the D&Os' tender of defense under a reservation of rights.

26. Sometime later, Navigators advised that it would be withdrawing from the defense.

27. As a result, Landmark assigned new defense counsel for the D&Os, obtained Bankruptcy Court authorization to pay toward such defense and is currently defending them under a reservation of rights.

28. Philadelphia disclaimed any defense or indemnity as to the Trustee's suit.

29. Landmark alleges that Navigators and Philadelphia owed and owe a duty to defend the D&Os in the Trustee's suit.

30. Landmark has incurred and paid and continues to incur and pay attorneys' fees and other fees and costs to defend the D&Os in the Trustee's suit.

31. The Navigators Policy provided coverage through an insuring agreement that provided in substance and effect that Navigators will pay on behalf of directors and officers of the Insured, IAC, all compensatory damages, settlements and Costs of Defense, which they are legally obligated to pay as a result of a Claim against them for their actual or alleged acts, omissions, neglect or breach of duty in their capacity as directors or officers of IAC.

32. The Philadelphia Policy provided coverage through an insuring agreement that provided in substance and effect that Philadelphia will pay sums that the Insureds, defined to be IAC's executive officers and directors as to their duties as such, become legally obligated to pay as damages arising out of a "professional incident" (defined as an actual or alleged negligent act or omission in the actual rendering of professional services to others, including counseling services, for the Insured human services organization).  Further, all "professional incidents" arising from interrelated acts or omission are deemed one "professional incident" taking place at the time of the earliest "professional incident."  There does not appear to be a separate deadline for reporting a claim to Philadelphia.

33. Defendants have disclaimed coverage or otherwise failed and refused to defend the D&Os or pay toward the defense of the D&Os in the Trustee's Suit.  The Trustee's Suit is still pending.

## FIRST CAUSE OF ACTION
### (Declaratory Relief re Duty to Defend Against All Defendants)

34. Landmark hereby incorporates the allegations contained in paragraphs 1 through 33, inclusive, as though fully set forth herein.

/ / /

35. Landmark is informed and believes, and on that basis alleges, that upon tender, Defendants were and are obligated to provide a defense to the D&Os in connection with the Trustee's Suit pursuant to the terms of Defendants' respective liability policies.

36. Landmark is informed and believes, and on that basis alleges, that Defendants dispute that they have a duty to defend the D&Os in the Trustee's Suit.

37. An actual controversy has arisen and now exists between Landmark and Defendants concerning Defendants' duties under their respective insurance policies in connection with the defense of the D&Os in the Trustee's Suit.

38. Landmark seeks a declaration that Defendants had and continue to have a primary obligation to defend the D&Os in the Trustee's Suit.

39. No other adequate or speedy remedy at law exists for the resolution of this controversy.

## SECOND CAUSE OF ACTION

### (Equitable Contribution Against All Defendants)

40. Landmark hereby incorporates the allegations contained in paragraphs 1 through 39, inclusive, as though fully set forth herein.

41. The D&Os' defense in the Trustee's Suit were tendered to Defendants, but Defendants failed and refused to contribute their respective equitable and fair shares of the attorneys' fees and other fees and costs to defend the D&Os in the Trustee's Suit.

42. Landmark is informed and believes, and on that basis alleges, that Defendants have an equitable and primary obligation to contribute towards all fees and costs incurred to defend the D&Os in the Trustee's Suit.

43. As such, each Defendant with a duty to defend should be required to reimburse Landmark and ordered to contribute its equitable share, according to proof, plus interest thereon.

/ / /

## PRAYER

**WHEREFORE**, Landmark prays for judgment as follows:

1. For a declaration that each of the Defendants had and continue to have a primary duty to defend the D&Os in the Trustee's Suit;

2. For a judgment against Defendants for an equitable share of the attorneys' fees, other fees and costs incurred by Landmark in the defense of the D&Os in the Trustee's Suit, according to proof;

3. For interest at the legal rate;

4. For costs of suit; and

5. For such other relief and amounts as this Court deems just and proper.

DATED: September 7, 2018           MUSICK, PEELER & GARRETT LLP

By: /s/ Teresa Cho
    David A. Tartaglio
    Teresa Cho
    Attorneys for Plaintiff LANDMARK
    AMERICAN INSURANCE COMPANY